CLINTON TRUST COMPANY, as Trustee under a Declaration of Trust Dated August 12, 1936, for and on Behalf of Holders of Certificates of Participation in a Mortgage Issued and Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY under No. 207,148, Respondent, *v.* THE CHURCH EXTENSION COMMITTEE OF THE PRESBYTERY OF NEW YORK, Appellant, Impleaded with 208 WEST 23RD STREET CORPORATION and Others, Defendants.

First Department, June 24, 1938.

*Knowlton Durham,* for the appellant.

*Robert Garlock* of counsel [*Rabenold, Scribner & Miller,* attorneys], for the respondent.

DORE, J. (dissenting). Subdivision 6 of rule 113 of the Rules of Civil Practice relates to the granting of summary judgments in an action to foreclose a mortgage. The rule provides: " When in any actions in cases set forth in subdivisions 6, 7 and 8 hereunder the judge hearing the motion has been convinced that there is no preliminary triable issue of fact, the court shall forthwith render an appropriate judgment or order and thenceforth the action shall proceed in the ordinary course."

The appellant, the present owner, admits the existence of defaults but in its answer alleges for a defense and counterclaim that all the furniture and movable personal property are owned by the appellant and are free and clear of the lien of the mortgage under foreclosure. The clause relating to personal property in this mortgage substantially followed the statutory language provided for in Real Property Law, section 254. It read as follows: " Together with all fixtures and articles of personal property, now or hereafter attached to, or used in connection with, the premises, all of which are covered by this mortgage." The Special Term granted judgment, appointed a referee to compute and also " to ascertain and report to this court a description of all the property, real and personal, which is now subject to the lien of the mortgage set forth in the complaint herein," and upon the coming in and confirmation of the report the order provided that the plaintiff may apply for the usual judgment of foreclosure and sale without further notice. This was an " appropriate " order under the facts disclosed.

The order should be affirmed.

CALLAHAN, J., concurs.