Norman P. MASON, Federal Housing Commissioner, Plaintiff,

v.

CATHEDRAL BUILDING CORPORATION, Defendant, and William C. Charteris, John F. Cushing and Martha P. Cushing, Intervenors.

No. 6978-A.

District Court, Alaska,
First Division, Juneau.

Nov. 9, 1954.

Theodore E. Munson, U. S. Atty., Juneau, Alaska, Henry J. Camarot, Asst. U. S. Atty., Washington, D. C., for plaintiff.

M. E. Monagle, Juneau, Alaska, for defendant and intervenors.

FOLTA, District Judge.

The question presented is whether a mortgagee is entitled to a summary judgment of foreclosure in the face of an intervenor's claim to a part of the mortgaged property.

The mortgage was given to secure the payment of a note in the sum of $439,500 which was advanced to construct an apartment building under the Federal Housing Act. The mortgage was executed in duplicate; one copy was recorded as a mortgage of real property, while the other was filed as a chattel mortgage in conformity with local law. The mortgagor-defendant is in default and offers no defense to this suit; however, three stockholders of the corporation, asserting ownership of some of the furnishings of the apartment building, have intervened. The mortgagee admits that there is a dispute of fact as to the ownership of certain personal property but seeks a summary judgment of foreclosure upon all the property of the defendant subject to the mortgage, leaving the intervenors' claim for later determination.

I am of the opinion that the plaintiff is entitled to a summary judgment of foreclosure against the defendant without prejudice, however, to the right of the intervenors to litigate the claim of title to the disputed property before such disputed property is sold.

Formerly it was well established that the claimant of the paramount title to mortgaged property was neither a

necessary nor proper party to the foreclosure suit because his rights could not be affected, Note 68 Am.St.Rep. 354, the underlying reason for the rule being that equity would not usurp jurisdiction to try the validity of the legal title; and this would appear to be the weight of authority today, 37 Am.Jur. 58, Sec. 570, except as it may be weakened by the blending of law and equity and rule 24, Fed.Rules Civ.Proc. 28 U.S.C.A.

A point urged upon the Court by the intervenors is that if there is a forced sale before the issue of title is adjudicated they will be prejudiced in bidding because their capital is tied up in the furnishings referred to. There is some plausibility in this argument and undoubtedly the Court should avoid the improvident grant of summary judgment with the risk of resultant injury and delay attendant upon appeals and reversals, 6 Moore's Fed.Prac., 2nd ed. 2013, Sec. 56.02. But assuming the truth of intervenors' assertion that they placed their own property upon the mortgaged premises, the answer to their argument is that they became mere volunteers and that, having acted in their individual capacity, they are hardly deserving of more consideration than an intruder, especially where, as here, the motion is for judgment against the defendant only; there appears to be no issue of fact as between the plaintiff and the defendant, and foreclosure would have followed as a matter of course had intervention not been allowed.

As to the question whether intervention based on a claim of title precludes summary judgment of foreclosure, there appears to be no case law, but a case which may be applied by way of analogy rather than rule is Clinton Trust Co. v. Church Extension Comm., 255 App.Div. 157, 5 N.Y.S.2d 290. Its implications clearly support the conclusion reached here. In these circumstances I am convinced that considerations of practical justice override those of formal reasoning. Any judgment against the defendant, which does not adjudicate the question of title to the property claimed by the intervenors, will not only not bind them, but they will have ample opportunity to litigate this question upon the trial, where as the denial of summary judgment would establish a precedent under which, in the face of the default of the mortgagor, the interposition of a claim by a third party, insignificant in amount, could delay the foreclosure of the mortgage, irrespective of the amount involved, to the prejudice of the mortgagee, especially in a falling market.

Accordingly a judgment in the form indicated may be presented.