■ C. H. LANDEFELD, JR., as Trustee, Appellant, v. HERBERG D. SEIBERT, Respondent, et al., Defendant.— In an action to foreclose a mortgage on real property, the appeal is from so much of an order as denied appellant's motion to strike out respondent's second affirmative defense for legal insufficiency (Rules Civ. Prac., rule 109), and for summary judgment striking out the answer (Rules Civ. Prac., rule 113). Order insofar as appealed from affirmed, with $10 costs and disbursements. There is a triable issue of fact as to whether the parties intended the mortgage to cover three plots, as appellant claims, or only two, as respondent contends. That issue bars summary judgment (*Clinton Trust Co.* v. *Church Extension Committee*, 255 App. Div. 157). On a motion pursuant to rule 109 to strike out a defense, affidavits may not be considered. From the pleadings alone it cannot be determined whether the gambling debt alleged in the second affirmative defense was legal and enforcible (see L. 1940, ch. 254, § 2; Fla. Stats., Ann., § 849.26), or whether it was illegal and unenforcible, since the pleadings do not disclose the place and precise nature of the gambling. Hence, the second affirmative defense is sufficient on its face and should stand until trial. Wenzel, Acting P. J., Beldock, Murphy and Kleinfeld, JJ., concur; Hallinan, J., not voting.

■ SVERRE LARSEN, Appellant, v. FIRST NATIONAL CITY BANK OF NEW YORK, Defendant, and SAFEWAY STEEL SCAFFOLDS SUPPLY CORP. et al., Respondents. FIRST NATIONAL CITY BANK OF NEW YORK, Third-Party Plaintiff, v. SCANDIA GENERAL CONTRACTING CORP., Third-Party Defendant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on a dismissal of the second amended complaint at the close of appellant's case. Appellant was injured during the course of his employment when he fell from a sectional metal ladder attached to an independent pole scaffold, which equipment had been manufactured by one of the respondents and sold by the other respondent, as distributor of the manufacturer's products, to appellant's employer. Judgment affirmed, with costs. No opinion. Wenzel, Beldock, Murphy and Ughetta, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: While there is no doubt that appellant knew of the method by which these ladders are assembled and disassembled, nevertheless a jury question was presented as to whether he knew, or whether on reasonable inspection he should have discovered, the danger inherent in their construction when assembled and used for their intended purpose. Under all the circumstances it was for the jury to say whether the accident occurred by reason of a latent dangerous defect in the construction of the ladders, which was not discoverable by reasonable inspection. Hence, it was error to dismiss the second amended complaint, as a matter of law, at the close of appellant's case. It is also my opinion that it was error to exclude the evidence as to general custom in fastening or securing ladders such as those involved in this accident (*Shannahan* v. *Empire Eng. Corp.*, 204 N. Y. 543).